

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-73,420-07

## EX PARTE LESLIE FOSTER, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1311757-B IN THE 176TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention with a motor vehicle and sentenced to seven years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Foster v. State*, No. 14-11-00653-CR (Tex. App. — Houston [14th Dist.], February 7, 2013)(not designated for publication).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that conviction had been affirmed and

failed to advise of right to petition pro se for discretionary review. We remanded this application to the trial court for findings of fact and conclusions of law.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit and other evidence, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that conviction had been affirmed and failed to advise of right to petition for discretionary review pro se. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of Appeals in Cause No. 14-11-00653-CR that affirmed his conviction in Cause No. 1311757 from the 176th District Court of Harris County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

While this matter was pending on remand to the trial court, Applicant apparently filed two amended applications in the trial court. In the first of the amended applications, Applicant raised additional claims challenging the merits of his conviction. In the second amended application, Applicant alleged that he was denied due process in the discretionary mandatory supervision review process. The remaining claims raised in Applicant's initial application and the claims raised in his first amended application are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997). This Court has reviewed the claims raised in Applicant's second amended application pertaining to the discretionary mandatory supervision review process, and finds them to be without merit. Those claims are denied.

Delivered: November 19, 2014
Do not publish